IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>$35,140.00 IN UNITED STATES CURRENCY,<br><br>               Defendant. | Civil No. 8:15CV 195<br><br>**COMPLAINT FOR FORFEITURE *IN REM*** |

COMES NOW the Plaintiff, United States of America, and for its cause of action against the Defendant, states and alleges as follows:

**Nature of the Action**

1. This is an action to forfeit property to the United States for violations of 21 U.S.C. § 881.

**The Defendant *In Rem***

2. The Defendant property consists of $35,140.00 in United States currency seized from Jonathan A. Shulkin on January 8, 2015, at the train station at 1003 S. 9th Street, Omaha, Douglas County, Nebraska. It is presently in the custody of the U.S. Marshals Service, Nebraska.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. § 881.

4. This Court has *in rem* jurisdiction over the Defendant property pursuant to § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

## Basis for the Forfeiture

6. The Defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## Facts

7. On January 7, 2015, the Commercial Interdiction Unit was conducting routine surveillance at the train station at 1003 S. 9th Street, Omaha, Douglas County, Nebraska. Inv. Richard Lutter contacted a male subject later identified as Jonathan A. Shulkin. Lutter spoke with Shulkin at room number 13 on Car 532 of the California Zephyr. Lutter was aware Shulkin was traveling on a one-way ticket from Mt. Pleasant, Iowa to Sacramento, California. Lutter was also aware the ticket had been purchased within forty-eight hours of departure.

8. Lutter knocked on the door to the room and Shulkin answered. Lutter identified himself as a police officer, providing his badge of office and photo identification. Lutter told Shulkin he was not under arrest or in any trouble, and asked to speak with him. Shulkin agreed and provided information regarding his trip and the reason for his travel. As Shulkin spoke, he

became nervous and gave multiple reasons for his travel. Shulkin said he had been visiting a friend and had been in Kansas City. When Lutter asked about his time in Kansas City, Shulkin appeared confused; he said he had only been there for one day and he had been on a "road trip" type of vacation. Shulkin said he had been to Texas, Louisiana, the Carolinas, Indianapolis and Kansas City. Lutter knew many of these locations mentioned had train service which would provided more convenient travel than departing from Mount Pleasant, Iowa.

9. Lutter explained the reason for officers' presence at the train area and asked about Shulkin's luggage. He said he had the bag in the room and one checked bag. He said Shulkin stated that he had a claim tag with his ticket. Lutter asked to examine Shulkin's ticket. Shulkin produced a ticket for one-way travel from Mount Pleasant, Iowa to Sacramento, California. Lutter returned Shulkin's ticket, then asked if he was in possession of any weapons, controlled substances or large sums of currency. Shulkin said he was not in possession of any of those items. Lutter asked permission to search the room and Shulkin's property. Shulkin became more nervous, repeating the question as if unable to understand it. Lutter asked the question again, and Shulkin agreed, opening his bag and removing items within it. Lutter asked if he could search the bag. Shulkin gave him access to it.

10. Lutter searched the bag. He located a nylon zipper bag which held three bundles wrapped in brown packing tape. Lutter secured Shulkin in hand cuffs and escorted him from the train. As this was occurring, Shulkin said he did have currency with him. Lutter advised Shulkin of his *Miranda* rights; Shulkin said he understood them. Lutter transported Shulkin to Omaha office of the Nebraska State Patrol. During the transportation, Shulkin volunteered several reasons for having money with him: He was using it to pay for his daughter's education;

he was trying to buy a vehicle; he had sold a restaurant; he had loaned money to people and they had paid him back. Shulkin did not have details for any of the explanations.

11. At the Omaha Nebraska State Patrol office, Shulkin was very hesitant to sign the *Miranda* waiver of rights form. He told Lutter he was unsure as to what he should do. Lutter explained the steps he would be taking in the investigation and explained some of Shulkin's options. Shulkin then said he would not agree to be questioned. During this interaction with Lutter, Shulkin again said he did have money on him. Lutter told Shulkin he believed Shulkin was transporting currency from the sale of marijuana. Shulkin denied this. He again made statements about loans and whom he had seen during his trip. Shulkin continued to give multiple reasons for having the money, including the sale of a business, to purchase a vehicle and collection of loans.

12. Lutter placed Shulkin under arrest, saying he would be charged with knowingly and intentionally possessing money from the sale of controlled substance. Lutter searched Shulkin's property incident to the arrest. He found another tape-wrapped bundle, a second nylon zipper bag, airline tickets for travel in Shulkin's name and an Oregon marijuana grower's card. Lutter opened the second zipper bag and saw three tape-wrapped bundles. Lutter opened each one; they all contained money. In all, Shulkin possessed seven tape-wrapped bundles, all of which contained a total of $35,140.00, cash. It is the Defendant property in this case.

13. The bundles were subjected to a discretionary sniff by a canine detector team. Douglas County Sherriff's Office Deputy Jarod Wineinger and his dog conducted the sniff. The dog gave a positive indication to the odor of controlled substance coming from the currency.

## Claim for Relief

WHEREFORE, the Plaintiff, United States of America, prays that the Defendant property be proceeded against for forfeiture in accordance with the laws, regulations and rules of this Court; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that the Defendant property be condemned, as forfeited, to the United States of America and disposed of according to law and regulations; that the costs of this action be assessed against the Defendant property; and for such other and further relief as this Court may deem just and equitable.

UNITED STATES OF AMERICA,
Plaintiff

DEBORAH R. GILG
United States Attorney

By: /s/ Nancy A. Svoboda
NANCY A. SVOBODA (#17429)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700

## VERIFICATION

STATE OF NEBRASKA )
) ss.
COUNTY OF DOUGLAS )

Pursuant to Rule C(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Assistant United States Attorney for the District of Nebraska, Nancy A. Svoboda, being first duly sworn, deposes and states the facts set forth herein are true and correct according to the best of her knowledge and belief.

NANCY A. SVOBODA
Assistant U.S. Attorney

Subscribed and sworn to before me this 1st day of June, 2015.

GENERAL NOTARY - State of Nebraska
WENDY L. LABADIE
My Comm. Exp. December 4, 2018

Notary Public

Pursuant to the rules of this Court, the United States of America hereby requests the trial of the above and foregoing action be held in Omaha, Nebraska, and be calendared accordingly.

NANCY A. SVOBODA
Assistant U.S. Attorney